IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3375-FL

MILTON CALONIE MORRIS, also )
known as Milton Colonnie Lee Bowe )
Morris, II, )
          )
            Plaintiff, )          ORDER
          )
       v. )
          )
VICTOR LOCKLEAR, CAPTAIN )
ESSEX, SERGEANT SNYDER, and )
SERGEANT KEARSE, )
          )
          Defendants. )


Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on

December 15, 2021, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983.

The matter is before the court for initial review of plaintiff's amended complaint pursuant to 28

U.S.C. § 1915(e)(2)(B).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave

to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or

fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state

a claim on which relief may be granted, the complaint must contain "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009).[1] "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1]       Internal citations and quotation marks are omitted from all citations unless otherwise specified.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Here, plaintiff alleges in part that defendants violated his constitutional rights by destroying or failing to respond to one of his grievances. Plaintiff, however, does not have a constitutional right to access the prison grievance procedure. See Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) ("[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure."). In addition, to the extent plaintiff is bringing a claim challenging his constitutional right to access the courts, he has not alleged sufficient facts to establish actual injury: that defendants frustrated or impeded his ability to file a nonfrivolous legal claim. See Christopher v. Harbury, 536 U.S. 403, 414–16 (2002); Lewis v. Casey, 518 U.S. 343, 351–55 (1996). Plaintiff also does not allege that remedy in the underlying legal claim is now lost. See Christopher, 535 U.S. at 414–46.

The court next turns to plaintiff's allegations that unidentified prison officials failed to protect him from an inmate assault. Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994); see Hudson v. Palmer, 468 U.S. 517, 526–27 (1984). "In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious

2

deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Under the first prong, "a prisoner must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or that "he was incarcerated under conditions posing a substantial risk of serious harm." Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015); Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014).

The deliberate indifference prong requires a showing that defendants knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837-38; Danser, 772 F.3d at 347. A plaintiff may establish deliberate indifference by producing direct evidence showing the prison official had actual knowledge of the risk and failed to protect him. Farmer, 511 U.S. at 837. As an alternative, "a prison official's subjective actual knowledge can be proved through circumstantial evidence" by showing that the risk was "obvious" and that the circumstances suggest the defendant must have known about it. Makdessi, 789 F.3d at 133; see also Farmer, 511 U.S. at 842-44. The official "must also have recognized that his actions were insufficient to mitigate the risk of harm to the inmate." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Here, plaintiff does not allege sufficient facts establishing defendants Locklear, Essex, Snyder, or Kearse were deliberately indifferent under the standard set forth above. See Iqbal, 556 U.S. at 678. Indeed, plaintiff does not allege any facts connecting the named defendants to the alleged constitutional violations. See id. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

3

Accordingly, the amended complaint does not allege sufficient facts to survive initial review. The court also declines to allow further amendment of the complaint where plaintiff failed to correct the deficiencies explained in the August 12, 2022, order allowing amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Finally, to the extent plaintiff is attempting to bring state law claims, the court declines to exercise supplemental jurisdiction. A district court "may decline to exercise supplemental jurisdiction over a pendent state law claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, plaintiff's state law claims are dismissed without prejudice.

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any state law claims are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of November, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

4